UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Henry Kevin Grant, | ) | C/A No. 6:24-cv-6595-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Det. R. W. Van Pelt, Officer Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is an action filed under 42 U.S.C. § 1983 by a *pro se* litigant proceeding *in forma pauperis*. When Plaintiff commenced this action, he was a detainee at the Laurens County Detention Center. ECF No. 1 at 2, 12. Under the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.) and in accordance with 28 U.S.C. §§ 1915 and 1915A, the undersigned United States Magistrate Judge is authorized to review all pretrial matters in this action and submit findings and recommendations to the district court. For the reasons below, this action should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

**BACKGROUND**

Plaintiff commenced this action by filing a civil rights Complaint on the standard form, which was entered on the Court's docket on November 18, 2024. ECF No. 1. On December 12, 2024, Plaintiff filed an Amended Complaint, naming the two Defendants in the caption above—Det. R. W. Van Pelt ("Van Pelt") and Officer Johnson ("Johnson")—as well as two other Defendants—Laurens Police Department and Laurens Hospital ER. ECF No. 11. The Laurens Police Department and Laurens Hospital ER were dismissed from this action by the Honorable

1

Bruce Howe Hendricks, United States District Judge, by Order dated January 10, 2025. ECF No. 26 (Order adopting Report and Recommendation at ECF No. 17).

By Order dated December 19, 2024, the Court authorized service of the Amended Complaint on Defendants Van Pelt and Johnson. ECF No. 15. Because Plaintiff is proceeding *in forma pauperis*, the Court directed the United States Marshal Service ("USMS") to accomplish service. *Id*. at 1–2. The Clerk of Court issued the Summons and forwarded the Summons, Forms USM 285, and Amended Complaint to the USMS for service of process. ECF Nos. 16; 19.

Copies of the Court's Serve Order dated December 19, 2024, the Report and Recommendation dated December 19, 2024, and the Order adopting the Report and Recommendation dated January 10, 2025, were each mailed to Plaintiff at the address he provided to the Court, which was the Laurens County Detention Center, 154 Templeton Rd. Laurens, SC 29360. ECF Nos. 18; 27. However, both of the Orders and the Report and Recommendation were returned to the Court as undeliverable noting "[Return To Sender] No Longer Here." ECF Nos. 32 at 1; 33 at 5.

On January 8, 2025, the USMS filed a Summons Returned Executed indicating it had accomplished service on Van Pelt. ECF No. 21. On January 21, 2025, Van Pelt filed an Answer to the Amended Complaint. ECF No. 29.

On January 8, 2025, the USMS filed a Summons Returned Unexecuted indicating that it could not serve the Summons and Amended Complaint on Johnson. ECF No. 22. The USMS attempted to serve Johnson on January 3, 2025, at the address provided by Plaintiff but could not accomplish service because "[n]o Officer Johnson was employed by the Laurens Police Dept. at the time of the incident." *Id*. Accordingly, by Order dated January 8, 2025, the Court directed

Plaintiff to provide additional identifying information as to Johnson within the time permitted by the Order so that the USMS could accomplish service. ECF No. 24 at 1–2. Plaintiff was warned as follows:

> If Plaintiff does not provide additional identifying information as to Defendant Officer Johnson within the time permitted by this Order, Defendant Officer Johnson may be dismissed from this action under Rule 41 of the Federal Rules of Civil Procedure.

*Id*. (emphasis omitted). As of the date of this Report and Recommendation, Plaintiff has not responded to the Court's Order and has not provided additional identifying information as to Johnson.

## ANALYSIS

It appears to the Court that Plaintiff has abandoned this matter. This case is therefore subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not filed anything in this case since December 12, 2024, when he filed the Amended Complaint and proposed service documents. ECF Nos. 11; 13.

Based on the mail that has been returned to the Court as undeliverable, it appears that Plaintiff has been released from the Laurens County Detention Center.[1] Plaintiff has failed to provide the Court with an updated address at which he receives mail, despite being ordered to do so on numerous occasions. Specifically, the Court's Orders dated November 26, 2024, December 19, 2024, and January 8, 2025, each contain the following notice:

> You are ordered to always keep the Clerk of Court advised **in writing** (**250 East North Street, Suite 2300, Greenville, South Carolina 29601**) if your address changes for any reason, so as to

---

[1] A review of the booking records available online for the Laurens County Detention Center also indicates that Plaintiff is no longer detained there. *See* https://laurens-911-sc.zuercherportal.com/#/inmates (search by Plaintiff's named) (last visited Feb. 3, 2025).

>assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

ECF Nos. 7 at 3; 15 at 3; 24 at 3 (emphasis in originals). Despite these numerous warnings, it appears that Plaintiff has moved but did not inform the Court of his change of address. Because Plaintiff has not provided the Court with a new address, neither the Court nor counsel for Van Pelt are able to communicate with Plaintiff or serve Court filings on him.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

>(1) the degree of personal responsibility on the part of the plaintiff;
>
>(2) the amount of prejudice to the defendant caused by the delay;
>
>(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

4

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Plaintiff has allowed multiple deadlines to pass without filing any responses. Because Plaintiff is proceeding *pro se*, he is personally responsible for this failure. In this Court's Order dated January 8, 2025, the Court clearly stated that if Plaintiff failed to file a response to the Court's Order, Johnson "**may be dismissed from this action under Rule 41 of the Federal Rules of Civil Procedure**." ECF No. 24 at 2 (emphasis in original). Plaintiff was also warned as follows in this Court's Order dated November 26, 2024, regarding his duty to always keep the Court advised in writing as to his address: "If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order**." ECF No. 7 at 3 (emphasis in original). Because Plaintiff did not file a response to the Court's Order dated January 8, 2025, and has failed to provide the Court with an updated address at which he receives his mail, it appears to the Court that Plaintiff wishes to abandon his case. As Plaintiff has already ignored multiple Court Orders and deadlines and has failed to keep the Court apprised

of his current address, the Court concludes that action less drastic than dismissal would not be effective.[2]

## RECOMMENDATION

Based on the foregoing, **IT IS RECOMMENDED** that this case be dismissed for lack of prosecution under Rule 41(b). If Plaintiff advises the Court that he wishes to continue with this case and provides a current address to the Court at which he receives his mail **within fourteen (14) days** (plus three days for mail time), then in that event the Clerk is directed to return this case to the undersigned for further review. If, however, Plaintiff fails to respond, this action should be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO RECOMMENDED**.

s/William S. Brown  
United States Magistrate Judge

February 4, 2025  
Greenville, South Carolina

*The parties are directed to the important notice on the next page.*

---

[2] Plaintiff has filed prior cases in this Court that have also been dismissed for failure to prosecute. *See Grant v. State of South Carolina*, No. 8:17-cv-2392-BHH-JDA (D.S.C. Nov. 8, 2017), ECF No. 12; *Grant v. Smith*, No. 8:17-cv-2595-BHH-JDA (D.S.C. Mar. 7, 2018), ECF No. 23. In both of those cases, Plaintiff was ordered to keep the Court apprised of any change to his address and the consequences, including dismissal, for failing to do so and for failing to bring those cases into proper form. The Fourth Circuit recently "observe[d] that, especially given [the appellant's] prior litigation in the district court, [the appellant] was informed and aware of her obligation to keep the district court apprised of any change to her address of record." *Flournoy v. Plastic Omnium*, No. 24-1895, 2025 WL 303779, at *1 (4th Cir. Jan. 27, 2025) (finding the appellant "has forfeited appellate review by failing to file objections to the magistrate judge's recommendation after receiving proper notice). Plaintiff was warned in this case and in his prior cases of his duty to always keep the Court informed of his address if it changed. He has failed to do so.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).