IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Kevin Grant, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>Det. R. W. Van Pelt, Officer Johnson, )<br>)<br>          Defendants. )<br>_____ ) | Civil Action No. 6:24-cv-6595-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Henry Kevin Grant's ("Plaintiff") pro se amended complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On December 19, 2024, the Court authorized service of Plaintiff's amended complaint on the above-named Defendants. (ECF No. 15.) Copies of the Court's serve order (along with other orders) were mailed to Plaintiff at the address he provided; however, they all were returned to the Court as undeliverable, noting "[Return to Sender] No Longer Here." (ECF Nos. 32 at 1; 33 at 5.)

On January 8, 2025, the United States Marshals Service filed a summons returned executed indicating it had accomplished service on Van Pelt. (ECF No. 21.) Van Pelt filed an answer to the amended complaint on January 21, 2025. (ECF No. 29.)

On January 8, 2025, the United States Marshals Service also filed a summons returned unexecuted indicating it could not serve Defendant Johnson because "[n]o Officer Johnson was employed by the Laurens Police Dept. At the time of the incident." (ECF No. 22.) Accordingly, by order dated January 8, 2025, the Court directed Plaintiff to provide

additional identifying information for Johnson within a specified time.  (ECF No. 24.)  The order specifically warned Plaintiff that a failure to comply with the Court's directive may result in dismissal of the action against Defendant Johnson.  (*Id.*)  Despite this warning, Plaintiff did not provide additional identifying information.

On February 4, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and concluding that Plaintiff has abandoned this matter.  Thus, the Magistrate Judge recommends that the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  (ECF No. 37.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff has abandoned this action, as he has not filed anything with the Court indicating that he wishes to proceed, which he was instructed to do in the Report. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 37), and the Court dismisses this action with prejudice pursuant to Rule 41(b) based on Plaintiff's failure to prosecute**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 27, 2025
Charleston, South Carolina